| 202 | 267 |
| s205 | 600 |
| s205 | 601 |

# Jenkins, Appellant, *v.* Scranton. Jenkins *v.* Scranton, Appellant.

*Municipalities—Cities of the second class—Collector of delinquent taxes— Public officer—Acts of March 15, 1878, P. L. 7, March 7, 1901, P. L. 20, and June 20, 1901, P. L. 586.*

Under the Act of March 7, 1901, P. L. 20, the city recorder has the right to nominate and appoint a collector of delinquent taxes; and in this respect the act of 1901 supersedes section 5 of the Act of March 15, 1878, P. L. 7, which gave the power to elect a collector of delinquent taxes to the city councils in joint convention.

Where a person was duly appointed by the city recorder to the office of collector of delinquent taxes, his right to the office and its emoluments was not affected by an ordinance passed the day after he had taken the oath of office, and given bond, which provided that the " department of delinquent taxes shall be in charge of one person, who shall be the city treasurer."

Between the passage of the Act of March 7, 1901, P. L. 20, and June 20, 1901, P. L. 586, a person appointed to the office of collector of delinquent taxes in a city of the second class, is entitled to a salary of $5,000 per year, if councils prior to the appointment had not reduced it to the sum of $2,500.

Argued Feb. 26, 1902. Appeals, Nos. 35 and 41, Jan. T., 1902, by plaintiff and defendant, from judgment of C. P. Lackawanna Co., on case stated in suit of George W. Jenkins v. City of Scranton. Before McCollum, C. J., Mitchell, Dean, Brown and Mestrezat, JJ. Reversed.

Case stated to determine the title to office of delinquent taxes in the city of Scranton.

The material parts of the case stated were as follows :

George W. Jenkins, the plaintiff, was appointed by James Moir, the then recorder of the city of Scranton, on April 1, 1901, as collector of delinquent taxes for said city. The department of delinquent taxes, as one of the executive departments of said city, was created by provisions of article 5, section 1 of the act of March 7, 1901, and on the day of his appointment he was sworn in by the then recorder as collector of delinquent taxes, and from that time unto the present has been ready and willing to perform the duties of delinquent tax collector, and has from time to time made demands upon the city

recorder and the other proper officers for books, papers, and for office room in the city building so that he might perform the duties of delinquent tax collector; but all of said officers have refused to allow him to do so or to furnish him any books, papers or office room for that purpose.

The salary of the heads of departments as provided in section 3 of the schedule of said act is $5,000 per year, but the councils may reduce the salaries thereof to not less than $2,500 per annum, and may (article 2, section 1, act of March 7, 1901), by ordinance provide . . . . that the city treasurer may be appointed collector of delinquent taxes, and that (article 20, section 3, schedule) where two departments are consolidated under this act, the salary of the officer performing the duties of said two departments may be reduced to not less than $2,500, and the salaries of the officers of the city of Scranton according to its practice are payable monthly.

An ordinance of the city of Scranton was passed and approved by the recorder on April 2, 1901, for the purpose of reorganizing the city government in accordance with the act of assembly referred to above.

Section 5 of this ordinance provides, " that the department of delinquent taxes shall be in charge of one person, who shall be the city treasurer; he shall have charge of the collection of delinquent taxes."

Section 14 of the said ordinance provides : " The compensation of the collector of delinquent taxes shall be three fifths of five per centum of the amount of delinquent taxes on real estate, and ten per centum on all occupation or poll tax, by him actually collected and paid into the city treasury."

Section 22 of said ordinance provides : " The city treasurer shall give a surety company bond to be paid for by the city in the sum of $80,000, similar in its conditions to those enumerated in section 21 of this ordinance, said bond shall be so drawn as to cover his duties as collector of delinquent taxes."

The city treasurer has given the bond as required by ordinance, and has collected delinquent taxes for April, May and June as follows :

Upon real estate the sum of $1,812.79, and upon poll and occupation tax the sum of $61.17.

No compensation or salary to the delinquent tax collector

other than the commissions above mentioned (section 14 of said ordinance) has been provided for by councils.

If the court be of the opinion that George W. Jenkins was legally appointed collector of delinquent taxes for the city of Scranton, and as such appointee, is entitled to compensation at the rate of $5,000 per annum, as the head of the department of delinquent taxes, then judgment to be entered for the plaintiff in the sum of $1,250, being his salary for the months of April, May and June, 1901, with costs; but if not, then judgment to be entered for the defendant with costs.

If, however, the court shall be of the opinion that under the facts as stated, George W. Jenkins was legally appointed collector of delinquent taxes, and as such appointee is entitled to compensation upon the basis of a commission as fixed in the ordinance of the councils of the city of Scranton, then judgment to be entered for the plaintiff in the sum of $72.50, with costs; but if not, judgment to be entered for defendant, with costs. Each party reserves the right to appeal from the decision rendered in this case to the appellate courts.

The court in an opinion by EDWARDS, P. J., entered judgment for plaintiff for $72.50.

*Error assigned* was in entering judgment as above.

*H. C. Reynolds*, with him *George M. Watson*, city solicitor, for appellant.—The authority of the legislature over public offices is limited only by constitutional restraints and may be conferred upon municipal corporations with respect to municipal offices: 1 Dillon on Municipal Corporations (4th ed.), sec. 229; Commissioners, etc., of Northern Liberties v. Northern Liberties Gas Co., 12 Pa. 318.

It may fairly be claimed that the section which provided that councils may, by ordinance, provide that the city treasurer may be appointed collector of delinquent taxes is valid: Com. v. Wyman, 137 Pa. 523; Com. v. Moir, 199 Pa. 544.

It has been decided that city councils "may" provide for the election by qualified voters of any of the officers named in the act, and this has been held to leave it to the discretion of the city council whether the office of city attorney should be elective or not: 1 Dillon on Municipal Corporations (4th ed.), p. 296; Ball v. Fagg, 67 Mo. 481.

The power of appointment to the office of delinquent tax collector was vested in the councils in joint convention as prescribed by the Act of 1878, P. L. 8, sec. 5 : Com. v. Wyman, 137 Pa. 508 ; Com. v. Macferron, 152 Pa. 244 ; Ferguson v. Pittsburg, 159 Pa. 435.

The councils had the right to fix the compensation of such collectors as provided in the act of 1878.

*J. Wheaton Carpenter* and *Charles W. Dawson,* for appellee.— The councils may by failure or refusal to pass an ordinance, prevent an appointment by the recorder, but they cannot appoint : Lane v. Com., 103 Pa. 481.

It is a familiar rule of construction that every part of a statute should be brought into action in order to collect from the whole, one uniform and consistent sense, if that may be done ; or, in other words, the construction must be made upon the entire statute, and not merely upon disjointed parts of it : Holl v. Deshler, 71 Pa. 299 ; Endlich on Interpretation of Statutes, sec. 23.

So thoroughly recognized is this principle, that the power which appoints should also be permitted to remove officers, that it has been embodied in the constitution of the state, which in article 6, section 4, provides, inter alia, that "appointed officers other than judges of the courts of record, and the superintendent of public instruction, may be removed at the pleasure of the power by which they shall have been appointed." This has been held to apply to city officers, viz : a collector of delinquent taxes in Philadelphia : Houseman v. Commonwealth, 100 Pa. 222 ; Com. v. Sanderson, 11 Pa. C. C. Rep. 593 ; Buckalew on Constitution, p. 185, and notes.

We submit that the action of the court below in holding that Mr. Jenkins was and still is the legally constituted collector of delinquent taxes was right, but that it was wrong in entering judgment for $72.50 instead of $1,250 : Johnston's Est., 33 Pa. 511 ; Best v. Baumgardner, 122 Pa. 17 ; Nusser v. Com., 25 Pa. 126.

OPINION BY MR. JUSTICE BROWN, April 21, 1902 :

George W. Jenkins, the plaintiff below, sued the city of Scranton for his compensation as delinquent tax collector for the months of April, May and June, 1901. Whether he was

the legal collector for that period, and if so, what the city must pay him, are the two questions raised on these cross appeals. Their proper determination depends entirely upon the Act of March 7, 1901, P. L. 20.    By article 2, section 1 of that act, the department of collector of delinquent taxes is created. The 1st section of article 12 authorizes the city recorder to nominate and, by and with the advice and consent of the select council, to appoint a collector of delinquent taxes.    Section 3 of the schedule to the act provides that a recorder, appointed by the governor, for an existing city of the second class, may fill all offices created by the act, without the concurrence of select council.    Article 17 is : " All city officers and employees shall receive a fixed salary for their services, and all fees and penalties shall be collected for the city and paid directly into the city treasury."    The salary of the head of each department is fixed, by section 3 of the schedule, at $5,000, with the provision that councils may reduce it to not less than $2,500.    By article 2, section 1, councils may, by ordinance, provide that the city treasurer may be appointed collector of delinquent taxes.    The only other provision of the act relating specifically to the department of collector of delinquent taxes is article 5 : " The collector of delinquent taxes shall be the head of the department of delinquent taxes, and all laws and ordinances in force prior to the passage of this act, relative to said office and collection of delinquent taxes, shall be and remain in full force."    It is contended by the city of Scranton that, in the face of this last article, the recorder did not have the power to appoint a delinquent tax collector, because, by section 5 of the Act of March 15, 1878, P. L. 7, the select and common councils of the city, in joint convention, are authorized to elect some suitable person collector of outstanding or delinquent taxes, and to fix his compensation.    The answer to this is, that so far as the election of a delinquent tax collector is concerned, the act of 1878 falls before that of 1901.    The first provides for the election of a collector by both branches of council in joint convention; but the latter expressly enacts that he is to be appointed by the recorder, and the repealing clause of the act of 1901 is, that " all other laws for the government of cities of the second class, unless preserved by the terms of this act, as well as all laws inconsistent with or supplied by

this act, are hereby repealed." What the legislature evidently intended to preserve were laws relating to the powers and duties of the collector of delinquent taxes. These powers and duties are not mentioned in this later act, and not being inconsistent with nor supplied by any of its provisions, are preserved; but the appointment of the collector by the recorder is so inconsistent with his election by the councils, and so clearly supplies it, that the act of 1878 is repealed by implication, as well as by express words. The provision in the supplemental Act of June 20, 1901, P. L. 586, that "all laws and ordinances in force at the passage of this act, relative to said offices and the collection of delinquent taxes, shall be and remain in full force, except so far as the election of the collector of delinquent taxes is therein given to councils," is nothing more than the legislature's construction of the act of March 7, given, perhaps, to remove doubts existing elsewhere than in the mind of a court called upon to construe the statute. With the department of collector of delinquent taxes, created by the act of 1901, and with the power given in clearest terms to the recorder to make the appointment without the concurrence of select council, Jenkins, having taken the oath of his office and given bond on April 1, 1901, the day he was appointed, became the legal collector of the city's delinquent taxes. Further discussion could not make this plainer. But it is urged that he was legislated out of office by the councils of the city on April 2, 1901, because, on that day, an ordinance was approved that "the department of delinquent taxes shall be in charge of one person, who shall be the city treasurer. He shall have charge of the collection of delinquent taxes." The city, however, did not attempt by this ordinance to oust him from his office, and councils could not have done so, even if so inclined. They could no longer elect a tax collector, and they had no control over this particular appointment. Under the schedule of the act of 1901, it was exclusively with the recorder. What councils undertook to do, and did do, by this ordinance of April 2, 1901, was simply to exercise the power given in section 1, article 2 of the act of 1901, to provide "that the city treasurer may be appointed collector of delinquent taxes." It may be that the collector of taxes hereafter must be the city treasurer; but that question is not now before us, and we do

not, therefore, consider it. It is sufficient to say that the ordinance of April 2 might as well not have been passed, for any effect that it had on the appointment made by the recorder the day before. This was the view correctly entertained by the learned judge below, who aptly said: " The recorder unquestionably had the power, under the law, to make the appointment. The ordinance of April 2, had no legislative existence when the appointment was made. It can make no difference in the interpretation of the law whether a person has been in office one day or one year. The plaintiff's appointment on April 1 was just as valid as if the ordinance had been passed at a much later period and he had been collecting the delinquent taxes during that time. Whatever effect the passage of the ordinance had on the office of collector, it could have no effect on the validity of the appointment made by the recorder on April 1."

The salary of the head of each department of the city government is fixed by the act of 1901 at $5,000, with the provision that councils may reduce it to $2,500; but it had not been so reduced when the recorder made this appointment. The salary as fixed by the statute went with the office. Even if it could be reduced to affect the present incumbent, the reduction could not be made by allowing him a percentage on his collections. The act of March 7, 1901, expressly provides for compensation at a fixed sum, which may be reduced to a fixed sum, and the act of March 15, 1878, in so far as it allows councils to fix compensation at a percentage on the collection by the collector, is superseded and repealed by necessary implication: Nusser v. Commonwealth, 25 Pa. 126; Keller v. Commonwealth, 71 Pa. 413; Best v. Baumgardner, 122 Pa. 17. Hereafter, under the supplement to the act of March 7, 1901, passed June 20, 1901, the compensation may be by a stated salary or by fees, as fixed by council, but the present incumbent is entitled to the compensation fixed by the statute under which he was appointed. This was $5,000 per year. The judgment in his favor for $72.50 is reversed and the record remitted, with direction to the court below to enter judgment on the case stated in favor of the plaintiff for $1,250.