## Jenkins *v.* Scranton, Appellant.

*Public officers—Title to office—Removal—Notice of removal—Collector of taxes.*

Where an office is held during the pleasure of the appointing power, a removal may be either express, that is, by notification that the officer is removed, or implied, by the appointment of another person to the same office. In either case, the removal is not completely effected until notice is actually received by the person removed.

Where a person was appointed collector of delinquent taxes in a city of the second class, and subsequently the city treasurer was appointed to the same office, under the provisions of the second class city act, and the first appointee was not formally removed by the city recorder and there was neither proof nor an attempt to prove that he was ever notified by the recorder that he had been removed, the first appointee is entitled to receive the salary of the office.

*Judgment—Matters settled by—Past indebtedness included in.*

A judgment settles everything involved in the right to recover, not only matters that were raised, but those which might have been raised.

Where suit is brought to recover the amount due for the salary of a public officer, which salary is payable monthly, and one month's salary due at the time of the commencement of the action, is not included in it or in the judgment recovered, that month's salary cannot be recovered in a subsequent action.

Argued Feb. 25, 1903. Appeal, No. 22, Jan. T., 1903, by defendant, from judgment of C. P., Lackawanna Co., Sept. T., 1902, No. 1300, in case of George W. Jenkins v. Scranton City.

Before Dean, Fell, Brown, Mestrezat and Potter, JJ.
Affirmed.

For prior adjudication of questions between these parties see
Jenkins v. Scranton, 202 Pa. 267.

Exceptions to the report of Milton W. Lowry, Esq., re-
feree, who recommended that judgment be entered in favor of
the plaintiff for $5,416.66.

The court in an opinion by Edwards, P. J., dismissed the
exceptions and entered the judgment.

The facts sufficiently appear by the opinion of the Supreme
Court.

Judgment for the plaintiff.  Defendant appealed.

*Errors assigned* were (1) dismissing exceptions to referee's
report; (2) directing judgment for the plaintiff.

*George M. Watson,* city solicitor, with him *C. B. Little,* for
appellant.—A person is not entitled to a salary of a public
office unless he both obtains and exercises the office: Farrell
v. Bridgeport, 45 Conn. 191.

The appointment of a successor operates as a removal of the
prior incumbent of an office: People v. Carrique, 2 Hill (N.
Y.), 93; Ex parte Hennen, 13 Peters (U. S.), 230; Johnston
v. Wilson, 2 N. H. 202; Van Orsdall v. Hazard, 3 Hill (N. Y.),
243; White v. Mayor, etc., of N. Y., 4 E. D. Smith (N. Y.),
563; Commonwealth ex rel. Bowman v. Slifer, 25 Pa. 23.

The city recorders so appointed shall have the right and
power, and are hereby authorized to remove from office . . . .
the collector of delinquent taxes: Act of March 7, 1901, P. L.
20.

*J. Wheaton Carpenter,* with him *Frederic W. Fleitz,* for ap-
pellee.—A judgment settles everything involved in the right,
not only matters that were raised but those which might have
been raised: Myers v. So. Bethlehem, 149 Pa. 85; Bell v.
Allehgeny Co., 184 Pa. 296; Second Ave., 7 Pa. Superior Ct.
55; Corry v. Corry Chair Co., 18 Pa. Superior Ct. 271.

The legal right to an office carries with it the right to the
emoluments of the office; an attempted suspension or removal

which is illegal and void as affecting the title to the office, therefore, does not deprive the officer of his right to the salary, and the officer having a legal title to the office may recover the salary, even though it has been paid to the officer de facto filling the assumed vacancy: 19 Am. & Eng. Ency. of Law (1st ed.), 531.

OPINION BY MR. JUSTICE BROWN, May 4, 1903:

In Jenkins v. Scranton, 202 Pa. 267, we held that the plaintiff, who is the appellee in this case, was the lawful delinquent tax collector of the city of Scranton, by virtue of his appointment by the recorder of the city on April 1, 1901, and that he was entitled to the statutory salary of $5,000 per annum. The referee and learned court below properly regarded this to be res adjudicata in the present proceeding, and we cannot understand why counsel for appellant again raise the question of the appellee's title to the office because he had not given a proper bond and had not performed any of the duties of his office. The solicitor for the city of Scranton on this appeal appeared before us in the same capacity on the former appeal from the judgment on a case stated, in which it was admitted by the city solicitor that Jenkins had taken the oath of office, had filed his bond and, from time to time, had been ready and willing to perform the duties of his office as delinquent tax collector; and the fundamental question submitted on that appeal was, whether the present appellee had been legally appointed collector of delinquent taxes. We dismiss the question renewed here without further comment.

The only question to be now considered is, did the appellee continue to be the delinquent tax collector during the period for which, in this suit, he seeks to recover the statutory salary of the office? He was not formally removed by the recorder, and there is neither proof nor an attempt to prove that he was ever notified, even informally, by that officer that he had been removed. On the contrary, the only conclusion to be drawn from the testimony, as we read it, is, that the recorder had in distinct terms left the appellee under the impression that he would not make any change in the office of delinquent tax collector until his title to the office had been passed upon. Jenkins, whose testimony on this point is corroborated by Connell,

the recorder, testified that the latter said to him, "I have no personal feeling in the matter, we will let the courts decide and if they say your title to the office is good, I will continue you in office during the term." This uncontradicted statement of Jenkins is corroborated by David J. Davis, who was present at the interview between Jenkins and Connell.

But the appellant contends the notice came to the appellee of his removal from his office by implication, through the appointment of the city treasurer as collector of delinquent taxes. The answer to this is, that, in the finding of the court below, fully justified by the evidence, the city treasurer did not accept the appointment tendered to him by the recorder; that "he gave no bond, took no oath of office, and made no change in the system of collecting the delinquent taxes." As there is no finding that the appellee knew the city treasurer had been appointed collector of delinquent taxes, there was no notice to him by implication of his removal. With no notice, express or implied, that he was no longer delinquent tax collector, his title to the office continued. "Where an office is held during the pleasure of the appointing power, a removal may be either express, that is, by a notification that the officer is removed, or implied, by the appointment of another person to the same office. But it has been decided that, in either case, the removal is not completely effected until notice actually received by the person removed:" Com. ex rel. Bowman, v. Slifer, 25 Pa. 23.

The judgment must be affirmed, except in so far as it includes salary for the appellee for the month of July, 1901. His salary was payable monthly, and it does not seem to be denied that the suit brought to recover his salary (Jenkins v. Scranton, 202 Pa. 267) was instituted after August 1, 1901. He cannot, therefore, in this suit, recover the monthly salary for July of that year. When he sued, in August, 1901, the salary for July was due, and, if he did not include it in the statement of his claim against the city of Scranton at that time, he ought to have done so. The judgment which we affirmed on the former appeal ought to have included all that the appellee in that case could have sued for, and he cannot now ask to recover his salary for July, 1901. "A judgment settles everything involved in the right to recover, not only matters that were raised, but those which might have been raised:" Myers et al. v. Borough

of So. Bethlehem, 149 Pa. 85. We therefore eliminate from the judgment entered in favor of the appellee the salary for the month of July, 1901, and affirm it for $5,000, one year's salary due him.