# Hewes v. Miller, Appellant.

*Real property—Alley—Municipal lien—Sheriff's sale as private property—Res adjudicata—Alleged dedication to city—Ejectment by purchaser—Judgment for plaintiff n. o. v.*

1. A judgment is conclusive not only of what was but of what might have been litigated in the proceedings leading up thereto.

2. Where a city filed a lien against a strip of land used as an alley, describing it as being the property of unknown owners, and thereafter issued a scire facias on said lien and sold the land as private property at sheriff's sale, such judgment on the scire facias is conclusive of the fact that the property is private and not public, and subsequently in an action of ejectment brought by the purchaser at the sheriff's sale against the city and persons who had taken possession on the theory that the property was public, and therefore could not properly have been assessed or sold, judgment for the plaintiff non obstante veredicto was properly entered. Defendants remedy was to file an affidavit of defense to the scire facias.

Argued April 24, 1916. Appeal, No. 267, Jan. T., 1916, by defendants, from judgment of C. P. Erie Co., Sept. Term, 1912, No. 148, on judgment entered for plaintiff non obstante veredicto in case of Charles P. Hewes v. Fred J. Miller, G. Daniel Baldwin, Robert W. Lowry, Henry Mayer, Sr.; Mary Haller, Charles J. Haller, Frank A. Haller, Edward W. Haller, Cora E. Haller, Otto Haller, Leah O. Haller, Alma C. Haller, Charles J. Haller, John M. Miller and Albert C. Doll, executors of Jacob Haller, deceased; the City of Erie, Pennsylvania, and. The Stearns Company. Before

BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCH-
ZISKER, JJ. Affirmed.

Ejectment for the recovery of a strip of land in the
City of Erie used as an alley.

The facts appear in the following opinion by WALLING,
P. J.:

The City of Erie, about 1890, caused a pavement to be
constructed in East Twelfth street at the expense of the
property abutting thereon; an assessment for which
pavement was regularly made on which later a lien was
filed against a piece of land abutting 40 feet on said
street and extending back southwardly therefrom 330
feet.

Said strip of land was described in the said assessment
lien and proceedings thereon as being the property of
unknown owners. Thereafter a scire facias was regu-
larly issued on such lien of which service was made ac-
cording to law, and on which scire facias, judgment was
later entered in favor of the city and against said land,
on which judgment execution was issued and the said
land duly advertised and sold by the sheriff to plaintiff's
predecessors in title,—the lien in the meantime having
been assigned to the contractor. The proceeding was in
rem.

Thereafter plaintiff brought this action of ejectment
against the defendants, including the City of Erie, for
said piece of land, and the defendants by their abstract
of title admit possession of the same.

At the trial, the records offered made a prima facia
case in favor of the plaintiff. The defense interposed
was that said strip of land is a public alley, and was
such at the time of the construction of said pavement,
and as such, not liable for the assessment of the expense
thereof.

We instructed the jury that the record evidence offered
on behalf of defendants was such as to constitute a dedi-
cation of said strip of land by its former owners as a

public alley.  There was nothing to indicate that the municipality had ever taken any action formally accepting such dedication, but there was much parol evidence offered on behalf of the defendants, tending to show that the public had accepted such dedication and used the strip of land as a public alley, and some similar evidence offered in rebuttal on behalf of the plaintiff tending to show that the strip of land had not been used by the public so as to constitute an acceptance of dedication.

The question of whether or not the public had accepted such dedication was purely a question of fact, and as such submitted to the jury who found in favor of the defendants.

The plaintiff, having at the trial submitted a request for binding instructions, which was refused, now asks that the court enter judgment in his favor non obstante veredicto on the whole record.  Plaintiff, while not conceding that the record evidence offered constitutes a dedication of such land as a public alley, earnestly contends that the question of whether such strip of land had been accepted by the public, being purely a question of fact, was a question that could and must have been litigated in the said action of scire facias upon the municipal lien, and that as to such question, the judgment upon the scire facias is conclusive.  That is, the city having treated this strip of land as private property and filed said paving lien against it as such, and all the proceedings leading up to the sheriff's sale thereof being regular, and the proceedings being in rem., the defendants are concluded by the judgment there entered, and cannot now set up that question in this collateral proceeding.

In our opinion, such contention is well taken.  It is elementary that a judgment is conclusive, not only of what was, but of what might have been litigated in the proceedings leading up thereto.  Of course a public alley cannot be assessed for the cost of a pavement constructed in a street into which it enters.  And a public street or alley is not assessable for the expense of the improve-

ment of another public street or alley. But the question, as to whether or not an alleged public alley is such in fact, or whether it is private property, is one proper for adjudication in the proceedings on the scire facias sur municipal lien.

An affidavit of defense to said scire facias setting up that the land in question was a public alley would have been valid and a complete defense, if established at the trial, and in our opinion the proper time to have settled that question was in that proceeding. And the fact that the land in question was assessed as private property, and all the proceedings leading up to the judgment on the scire facias in favor of the plaintiff and the sale of the property thereon by the sheriff being based upon that assumption, the question of whether or not the property was public or private, is no longer an open one for adjudication in this case. And especially is that so where the question as to whether said property was public or private was purely a question of fact. It is true, as we instructed the jury, that if the land in question were in fact a public alley, the assessment against it was void for want of jurisdiction, but the question of whether it was a public alley was one proper for adjudication in that proceeding, and of which the court there had jurisdiction to determine. The judgment entered in that case, sustaining the assessment, must be treated in this collateral proceeding as conclusive as to the nature of the property; and especially is that so where no fraud is alleged and there is nothing on the face of the record to indicate want of jurisdiction in the court where the judgment upon the scire facias was entered. We are not prepared to hold that the defendants are estopped because of the action of the city in treating the property as private property.

Verdict for defendants. The lower court made absolute plaintiff's rule for judgment non obstante veredicto. Defendants appealed.

*Error assigned,* among others, was the making abso-

lute the plaintiff's rule for judgment non obstante veredicto.

*Frank Gunnison,* of *Gunnison, Fish, Gifford & Chapin,* with him *Monroe Echols* and *Marsh & Eaton,* for appellants.

*Frank J. Thomas,* with him *Henry A. Clark* and *Clark Olds,* for appellee.

PER CURIAM, May 15, 1916:

This judgment is affirmed on the opinion of the court below directing it to be entered in favor of the plaintiff non obstante veredicto.