# Stearns Company et al., Appellants, *v.* Hewes.

*Actions—Former actions—Res adjudicata—Equity—Scire facias.*

1. A judgment of a court of competent jurisdiction upon the merits of a question litigated between the parties is conclusive in any subsequent controversy directly involving the same question and is a defense in any further litigation of the same matter between the same parties. The doctrine of res adjudicata is based upon the principle that there should be an end of litigation and that a cause of action once adjudicated between the parties shall protect the successful party against further vexation in regard to it.

2. In a suit in equity to enjoin defendant from obstructing or interfering with the use by plaintiff or the public of an alleged alley, which plaintiff averred was a public alley, where it appeared that the land had been sold to defendant's predecessor in title in proceedings on a scire facias sur a municipal lien, and that in a subsequent action of ejectment between the same parties or those in privity with them the title had been found to be in defendant, the court properly dismissed the bill, and it was not material that every question sought to be raised by the bill in equity had not been raised in the prior action, where it appeared that such questions could have been raised and decided had the parties so desired.

Argued Jan. 17, 1917. Appeal, No. 328, Jan. T., 1916, by plaintiffs, from decree of C. P. Erie Co., Sept. T., 1916, No. 13, dismissing bill in equity for an injunction, in case of Stearns Company, Fred J. Miller, G. Daniel Baldwin, Robert W. Lawrie, Martin C. Mayer, Henry E. Mayer, James Ross Mayer and Joseph G. Mayer; Martin C. Mayer, Henry E. Mayer, James Ross Mayer and Joseph G. Mayer, Trustees under the last will and testament of Henry Mayer, Deceased, Charles J. Haller, Frank A. Haller, Edward W. Haller, Cora E. Haller, Otto Haller, Leah O. Haller and Alma C. Haller, v. Charles P. Hewes. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Bill in equity for an injunction. Before WHITTEL-SEY, J.

The opinion of the Supreme Court states the facts.

The court on final hearing dismissed the bill.   Plaintiffs appealed.

*Error assigned* was the decree of the court.

*Frank Gunnison,* of *Gunnison, Fish, Gifford & Chapin,* with him *Marsh & Eaton* and *Monroe Echols,* for appellants.

*Frank J. Thomas,* with him *Clark Olds,* for appellee.

Opinion by Mr. Justice Mestrezat, February 26, 1917:

We agree with the conclusion of the learned judge of the court below which he has amply vindicated in the opinion filed.   This was a bill to restrain the defendant from obstructing or interfering with the use by the plaintiffs or the public of an alleged alley in the City of Erie. The facts have been found and stated by the learned court below, and we shall restate only those necessary for the consideration of this appeal.

In 1890, the City of Erie by a duly enacted ordinance caused a pavement to be constructed in the roadway of Twelfth street, in front of a piece of land abutting forty feet on the street and extending back therefrom the same width for a distance of three hundred and thirty feet, being the land involved in this litigation, at the expense of the owners of the property abutting on the street, and an assessment was made against the land for its proportion of the cost.   The assessment was not paid, and a lien was filed against the land and unknown owner.   A scire facias was issued on the lien, and the writ was served by publication according to law.   Subsequently a judgment was entered in favor of the City of Erie against the land for want of an appearance and affidavit of defense.   A levari facias was issued on the judgment, the land was sold by the sheriff to one Van

Cleve, and a deed was duly acknowledged and delivered. Van Cleve's title was, by sundry conveyances, vested in Charles P. Hewes, the defendant in this suit.

Hewes brought an action of ejectment in 1912 against all the then owners of real estate abutting on the alley or land in question and the City of Erie. The plaintiffs in the present suit are the successors in title to the individual defendants in that action. Hewes filed an abstract of title setting forth, inter alia, title out of the Commonwealth and the ordinance and subsequent proceedings on the municipal lien, resulting in a sale to his predecessor in title. It is conceded by the plaintiffs in this bill that Hewes relied upon the title acquired by the sale on the municipal lien to recover in the action of ejectment. The defendants pleaded the general issue in that action and, as required by the Act of May 8, 1901, P. L. 142, filed an answer in which they averred that the owners in fee of a larger piece of land, known as the Out-Lot, of which the land in controversy here was a part, "dedicated the said land in dispute,......to the public, and to the owners of the remaining portions of said Out-Lot and others, as a public street, alley and highway, for the use of the public and said other owners as persons, their successors, heirs and assigns for use as a public street, alley or highway forever." The action was tried and resulted in a verdict for the defendants. The court made absolute plaintiff's rule for judgment non obstante veredicto. The defendants appealed to this court, and the judgment was affirmed: Hewes v. Miller, 254 Pa. 57.

The plaintiffs in the present suit, the successors in title to the individual defendants in the ejectment, filed this bill in which they averred, inter alia, that they were owners of lots on the east and west sides respectively of an alley or public highway; that the strip of land claimed as a highway was and for more than twenty-one years prior to laying the pavement on Twelfth street had been used and traveled by the public, the plaintiffs and

their predecessors in title as a public highway and as a
means of access to the premises of the plaintiffs by travel
on foot and by vehicle; that the said use of the same was
open and notorious and apparent to everybody; that
plaintiffs were advised by their counsel that the same
had been dedicated to the public as a highway by the
owners, and the public had accepted the dedication im-
mediately after it was made. The bill prayed for an in-
junction restraining the defendant from obstructing or
interfering with the use of the right of way over and
through the alley by the public or the plaintiffs. The
defendant filed an answer admitting that the plaintiffs
were the owners of the respective premises averred in
the bill, but denied that the strip of land in question was
a public highway or alley, and averred, inter alia, that it
was the defendant's private property; that it was used
by the plaintiffs' predecessors in title for a private race-
way; that by proceedings upon the municipal lien it
was adjudicated by the court that the land was private
property, and that the purchaser at the sale upon said
lien acquired a good and absolute title to the fee of the
same. He, therefore, alleged that he was the owner in
fee simple of the land in controversy, free of any ease-
ments or claims by the public or the plaintiffs; that the
questions as to whether the land was private land or a
public or private driveway and as to whether the public
or the plaintiffs had an easement or not were adjudicated
and determined upon the scire facias issued upon the
municipal lien, and that the judgment in the scire facias
proceeding and in the action of ejectment was conclusive
as to all the questions attempted to be raised in the pres-
ent proceeding.

The learned court below held that the judgment in the
proceedings on the scire facias on the municipal lien was
conclusive as to the character of the land in suit, that it
was private property, and that the judgment in eject-
ment being between the same parties and for the same
land in dispute in the present case was conclusive against

the right of the plaintiffs to maintain this bill.   We are of the opinion that the learned court below was clearly justified in holding that the questions raised by the plaintiffs in this proceeding were adjudicated in the action of ejectment which was in a court of competent jurisdiction, between the same parties and for the same cause of action.   Section 23 of Article 15 of the Act of May 23, 1889, P. L. 324, provides that "a sale of any property under a writ of levari facias, issued upon a judgment obtained upon any lien filed in pursuance of this act, whether the real owner be named or not, shall be deemed a proceeding in rem and shall vest a good title in the purchaser to the property thus purchased....... When the owner of a lot is unknown, the claim shall be filed against the land assessed and 'unknown owner,' and indexed accordingly."   The enactment of the ordinance authorizing the paving of Twelfth street, the filing of the lien against the property in question, the proceeding on the scire facias, the entry of the judgment thereon, and the subsequent sale of the property were strictly regular and conformable to the statutory requirements.   The judgment on the scire facias was conclusive of all questions which were or could have been raised in the proceeding.   It determined conclusively, as we held in the ejectment suit, the status or character of the land, whether it was private property subject to the lien or a highway and, therefore, not assessable or subject to the lien.   It was conclusive evidence of every fact on which it must necessarily have been founded: Hammer v. Griffith's Admr., 1 Grant (Pa.) 193.   It is unquestionably true that the plaintiffs in this proceeding could have raised and had adjudicated, on the trial of the scire facias, whether, as alleged by them, they and the public had a right of way over the strip of land in question and whether, therefore, the land was the subject of a municipal lien for the paving on Twelfth street.   It is no answer to this suggestion that the plaintiffs here might have been ignorant of the proceeding which resulted in

the judgment and sale on the municipal lien.   That proceeding was strictly ,in conformity with statutory requirements, and the parties affected thereby were required to take notice of it.   It was a proceeding in rem, against the property itself, and the title that passed by the sheriff's sale on the judgment was a fee simple title to the land unencumbered with any easement or right of way over it.

It is familiar law that a judgment of a court of competent jurisdiction upon the merits of a question litigated between the parties is conclusive in any subsequent controversy directly involving the same question, and is a defense in any further litigation of the same matter between the same parties.   The doctrine of res adjudicata is based upon the principle that there should be an end of litigation, and that a cause of action once duly adjudicated between the parties shall protect the successful party against further vexation in regard to it.   The present suit, although in equity, is between the same parties and for the same cause of action as the ejectment which was determined in favor of the present defendant, who was the plaintiff in that action.   He relied upon the title to the land in controversy obtained at the sheriff's sale of the property made in pursuance of an execution issued on the judgment in the scire facias on the municipal lien.   The plaintiffs in the present suit, who were the defendants in the ejectment, relied upon the defense which they set up in that proceeding as the ground for the relief prayed for in their bill.   It will be observed that in the ejectment suit they not only pleaded the general issue, but, as required by the statute, in their answer they averred as their defense the dedication of the land in dispute as a public highway and its use by the public as such and its acceptance by the municipal authorities, and that, therefore, the sale made in pursuance of the judgment obtained on the municipal lien did not extinguish the easement or right of the public to use the strip of land as a highway and did not

convey to the purchaser a title free and discharged of the easement.   In other words, the contention of the defendants and the issue raised by them on the trial of the cause was that the strip of land was a public alley, and was such at the time of the construction of the pavement, and, as such, not liable for the assessment or the expense thereof.   The learned court below, in entering judgment in the ejectment suit for the plaintiff notwithstanding the verdict for the defendants, held that the judgment on the scire facias was conclusive as to whether the strip of land was a public alley and, therefore, not assessable for the cost of a pavement constructed in a street into which it enters.   The learned court said: "The city having treated this strip of land as private property and filed said paving lien against it as such, and all the proceedings leading up to the sheriff's sale thereof being regular, and the proceedings being in rem, the defendants are concluded by the judgment there entered, and cannot now set up that question in this collateral proceeding."   We affirmed the judgment on the opinion of the trial court, and it is, therefore, apparent we determined in the ejectment suit that whether the plaintiffs or the public or both had an easement over the strip of land in question was adjudicated against the present plaintiffs in the proceeding on the scire facias issued on the municipal lien.   If such easement existed, the lien was not good, and it would have been so determined on the trial of the scire facias, and a judgment would have been entered against the city.   The judgment, however, in favor of the city in that proceeding conclusively determined that the land in question was not subject to a right of way or easement in favor of either the plaintiffs or the public.   This being adjudicated by this court in the action of ejectment, the right to the relief sought in the present proceeding by the plaintiffs on the ground that the land in question was a public alley cannot be maintained.

The decree is affirmed.