GUZZI v. DELAWARE & HUDSON CO.

(District Court, M. D. Pennsylvania. April 10, 1919.)

No. 978.

1. JUDGMENT ⬅585(2)—CONCLUSIVENESS—MATTERS CONCLUDED—"ILLEGAL MINING."

Where plaintiff's right to damages caused by defendant's illegal mining under her lot has been adjudicated in an action brought therefor, she cannot bring another suit for failure to afford her property lateral support, since term "illegal mining" in first suit covered damages both from removing vertical and lateral support.

2. JUDGMENT ⬅713(2)—CONCLUSIVENESS—MATTERS CONCLUDED.

A judgment is conclusive upon the merits of every question raised, or which could have been raised, in the proceeding.

At Law. Action by Teresa Guzzi against the Delaware & Hudson Company. On affidavit of defense raising questions of law. Judgment for defendant.

Thos. P. Duffy, of Scranton, Pa., for plaintiff.
Jas. H. Torrey, of Scranton, Pa., for defendant.

WITMER, District Judge. The plaintiff by former suit in equity, brought in the Lackawanna county court, sought to enjoin the defendant from removing the underlying coal support and recovery for injury to the surface right of a certain lot to which she claims title. The case was heard and a decree was entered in favor of the plaintiff. On appeal the judgment was reversed without a venire. 61 Pa. Super. Ct. 48. The present action has since been brought to recover damages for injuries to the lot and the improvements thereon erected. The lot damaged forming the subject-matter of this suit is the same as the one embraced in the equity suit, and the injuries thereto are likewise the same. In the plaintiff's statement of claim, wherein she recites the proceedings in equity, attempt is made to distinguish this action from the former suit in equity, by alleging that the matter of

plaintiff's right to lateral support and of defendant's negligent mining were not raised, considered, or decided in Guzzi v. Delaware & Hudson Co., supra. It is insisted that defendant's failure to provide plaintiff's lot with vertical support was the only cause of complaint brought before the court. It is upon the alleged basis of the defendant's negligent mining and the failure to afford plaintiff's property lateral support that she bases her right of recovery in this suit.

[1, 2] On examination of the proceedings, introduced, it appears that the plaintiff is mistaken in her conclusion that the matter of vertical support was all that was brought into court. The plaintiff in the prayer of her bill, in such suit, asks for an accounting for damage and injury suffered by reason of the illegal mining by defendant under plaintiff's lot. The term "illegal mining" is, it seems, broad enough to embrace, without mistake, all forms or manner of wrongdoing in removing or taking the coal from the premises by the defendant company. However, were it not so, the plaintiff would not be permitted to maintain this action. The subject-matter, the injury, and consequent damages to her lot occasioned by the defendant's negligence or wrongdoing in conducting its mining operation, having been brought into court for settlement by the plaintiff on the former occasion bars her from having the same again adjudicated, though occasioned through want of lateral support and illegal mining, and not by failure merely to furnish vertical support.

Whatever question is properly involved in a former suit, and might have been there raised and determined, is conclusively settled by the decree. Taylor v. Cornelius, 60 Pa. 187; Jenkins v. Scranton, 205 Pa. 598, 55 Atl. 788. A judgment is conclusive upon the merits of every question raised, or which could have been raised, in the proceedings. Stearns v. Hewes, 256 Pa. 577, 100 Atl. 1054; Hewes v. Miller, 254 Pa. 57, 98 Atl. 776. "As was said by defendant's counsel, the plaintiff cannot escape the effect of a judgment as res adjudicata by a refined exploration of the pleadings, evidence, and decree in a former case, under the claim that that case involved only a question of damages for failure to furnish vertical support, while the present case includes also the failure to furnish lateral support." The subject-matter of the former suit was the damage resulting to plaintiff's property from defendant's mining operation, whether by reason of negligence or otherwise directly under or adjoining plaintiff's lot; and whether plaintiff in her former suit urged any or all of the particular grounds upon which she now bases recovery matters little, if she had the opportunity to do so. However, on examination of the record in the former suit, it does not appear that plaintiff did not succed in recovering the damages occasioned to her lot by failure of sufficient allegations of a cause, or causes, contributing to its injury. The chancellor found for the plaintiff, and gave her an award sufficient to effect complete reparation. The appellate court reversed upon the ground that she had not established or shown ownership of the locus in quo.

The effect of the judgment is conclusive. Defendant's motion is therefore allowed, and judgment is directed to be entered for the defendant.