### GUZZI v. DELAWARE & H. CO.

(Circuit Court of Appeals, Third Circuit. July 6, 1920.)

No. 2503.

**Judgment ⬤⬤828 (3)—Adjudication in state of court question directly in issue conclusive between parties suing in federal court.**

A decree in equity of a state court directly adjudging that plaintiff had no title to the surface of a lot as against defendant, which owned the coal thereunder, *held* conclusive on that question and a bar to a subsequent action between the same parties, in which the right to recover was dependent on proof of title in plaintiff.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Action at law by Teresa Guzzi against the Delaware & Hudson Company. Judgment for defendant, and plaintiff brings error. Affirmed. For opinion below, see 256 Fed. 719.

Thomas P. Duffy, of Scranton, Pa., for plaintiff in error.

James H. Torrey, of Scranton, Pa. (Walter C. Noyes, of New York City, of counsel), for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and RELLSTAB, District Judge.

BUFFINGTON, Circuit Judge. The question here involved is whether a prior case between the same parties involved the same issue as the present one. If such was the fact, it follows that an issue, once tried and judicially determined between the same parties, is finally settled, and cannot be relitigated by either party.

From the pleadings in the present case, it appears that in 1913 Teresa Guzzi, the plaintiff in the present case, filed a bill in equity against the Delaware & Hudson Company, the present defendant, in the court of common pleas of Lackawanna county, Pa. In that bill the plaintiff averred she was the owner in fee simple of a certain lot

in said county and the defendant was the owner of the coal underlying said lot. The prayer of the bill was that defendant be enjoined—

"from mining the coal under the surface of said tract of land as aforesaid in any other way than in a workmanlike manner, and without leaving sufficient pillars and supports to fully protect the surface of said land."

The case was so proceeded in that it was finally adjudged by the Superior Court of Pennsylvania, in an opinion reported in Guzzi v. Delaware, etc., Co., 61 Pa. Super. Ct. 50. The pleadings, the proofs and the issues involved in the case are set forth in the full discussion thereof in that court's opinion, and we avoid a present restatement thereof by reference to such volume. For present purposes, it suffices to say that court held the issue between the parties was the title to the lot in question, in that regard saying:

"We have before us in substance an action of trespass. Unless the plaintiff has established that she was the owner of the locus in quo, her case has entirely failed. * * * The case immediately and necessarily resolved itself into the trial of a disputed title to land."

Taking up such issues of title, the court then examined the plaintiff's evidence, and held that—

"The plaintiff failed to establish that she had any title to or ownership in the land that would support any interference by her in the mining operations of the defendant in the coal which had been owned by it or its predecessor for half a century."

The court accordingly directed the court of common pleas of Lackawanna county, whose judgment was being reviewed, to dismiss the plaintiff's bill. It will thus appear that, as between Teresa Guzzi and the Delaware & Hudson Company, the question of the title to the land involved was adjudged and settled, and, as between them, such question of title was res adjudicata, and could never again be raised or litigated in any other court or action. Such being the case, it is clear that this action of trespass for injury to said surface real estate could not succeed, unless the plaintiff established title to the surface land in question. The question of the plaintiff's title to the surface is basic, and absolutely essential as a condition precedent to her recovery for injury done to such surface land by the defendant. But, whatever may be the plaintiff's title to this lot as against others, as to the defendant it was adjudged adversely to the plaintiff in the case in the state court. That case was a finding on the issue of title, the parties were concluded, and if the present case had gone to trial the court below would have been bound, as a matter of law, to have instructed the jury that the plaintiff had as against the defendant no title to the land alleged to have been injured.

These facts appearing on the record, the court below, in an opinion printed in the margin,[1] disposed of such question of law in advance of

[1] "The plaintiff by former suit in equity, brought in the Lackawanna county court, sought to enjoin the defendant from removing the underlying coal support and recovery for injury to the surface right of a certain lot to which she claims title. The case was heard and a decree was entered in favor of the plaintiff. On appeal the judgment was reversed without a venire. 61 Pa. Super. Ct. 48. The present action has since been brought to recover damages

the hearing. We have not overlooked the contention of the plaintiff that in the case in the state court her claim was for injury done by reason of failure of the defendant to furnish vertical support to her land, and that the failure of the defendant to furnish lateral support was not involved and not adjudged in that case. This contention is fully met by the judge below in holding, as he did, that such negligence could have been proven in that case, if the plaintiff had chosen to do so; but above and beyond that is the basic fact, and no recovery—no matter what the negligence, lack of vertical or lack of lateral support—could have been

for injuries to the lot and the improvements thereon erected. The lot damaged, forming, the subject-matter of this suit, is the same as the one embraced in the equity suit, and the injuries thereto are likewise the same. In the plaintiff's statement of claim, wherein she recites the proceedings in equity, attempt is made to distinguish this action from the former suit in equity, by alleging that the matter of plaintiff's right to lateral support and of defendant's negligent mining were not raised, considered, or decided in Guzzi v. Delaware & Hudson Co., supra. It is insisted that defendant's failure to provide plaintiff's lot with vertical support was the only cause of complaint brought before the court. It is upon the alleged basis of the defendant's negligent mining, and the failure to afford plaintiff's property lateral support, that she bases her right of recovery in this suit.

"On examination of the proceedings introduced, it appears that the plaintiff is mistaken in her conclusion that the matter of vertical support was all that was brought into court. The plaintiff, in the prayer of her bill in such suit, asks for an accounting for damage and injury suffered by reason of the illegal mining by defendant under plaintiff's lot. The term 'illegal mining' is, it seems, broad enough to embrace, without mistake, all form or manner of wrongdoing in removing or taking the coal from the premises by the defendant company. However, were it not so, the plaintiff would not be permitted to maintain this action. The subject-matter, the injury and consequent damages to his lot occasioned by the defendant's negligence or wrongdoing in conducting its mining operation, having been brought into court for settlement by the plaintiff on the former occasion, bars her from having the same again adjudicated, though occasioned through want of lateral support and illegal mining, and not by failure merely to furnish vertical support.

"Whatever question is properly involved in a former suit, and might have been there raised and determined, is conclusively settled by the decree. Taylor v. Cornelius, 60 Pa. 187; Jenkins v. Scranton, 205 Pa. 598, 55 Atl. 788. A judgment is conclusive upon the merits of every question raised, or which could have been raised in the proceedings. Stearns v. Hewes, 256 Pa. 577, 100 Atl. 1054; Hewes v. Miller, 254 Pa. 57, 98 Atl. 776. 'As was said by defendant's counsel, the plaintiff cannot escape the effect of a judgment as res adjudicata by a refined exploration of the pleadings, evidence, and decree in a former case, under the claim that that case involved only a question of damages for failure to furnish vertical support, while the present case includes also the failure to furnish lateral support.' The subject-matter of the former suit was the damage resulting to plaintiff's property from defendant's mining operation, whether by reason of negligence or otherwise directly under or adjoining plaintiff's lot; and whether plaintiff in his former suit urged any or all of the particular grounds upon which she now bases recovery matters little, if she had the opportunity to do so. However, on examination of the record in the former suit, it does not appear that plaintiff did not succeed in recovering the damages occasioned to her lot by failure of sufficient allegations of a cause, or causes, contributing to its injury. The chancellor found for the plaintiff, and gave her an award sufficient to effect reparation. The appellate court reversed, upon the ground that she had not established or shown ownership of the locus in quo.

"The effect of the judgment is conclusive. Defendant's motion is therefore allowed, and judgment is directed to be entered for the defendant."

had in that case, or in this, unless the basic issue of title to the surface was proven in the plaintiff, and this basic title, adverse to the plaintiff, was not one the plaintiff could maintain or have adjudged in the present case, for the simple reason it had been once and for all adjudged against her in the state court.

The judgment below is therefore affirmed.